UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE MCGARY,

    *Plaintiff*,

v.

DEO RAVINDRA *et al.*,

    *Defendants*.

Civil Action No. 19-3249 (TJK)

**MEMORANDUM OPINION**

    A few years ago, the Virginia Circuit Court awarded Theodore McGary's ex-wife Barbara McGary a divorce and about $75,000 from his Thrift Savings Plan (TSP) account under a "Retirement Benefits Court Order." The order provided that upon distributing that sum to her, the board administering Plaintiff's TSP account would adjust it for gains and losses. Plaintiff appealed, arguing that the court should have awarded *him* the divorce because *she* had abandoned the marriage, but the Virginia Court of Appeals affirmed the judgment. When the TSP Board received the Retirement Benefits Court Order, Plaintiff moved to vacate it, alleging fraud by his ex-wife and her counsel. The state court found his fraud allegation "without merit and entirely specious," and the TSP disbursed an adjusted sum—about $180,000—from Plaintiff's account to his ex-wife.

    Plaintiff filed this suit to challenge the outcome of those state court proceedings, which right off the bat suggests he is barking up the wrong tree. Proceeding *pro se,* he asserts fraud against his ex-wife and breach of fiduciary duty under the Federal Employees' Retirement System Act of 1986, 5 U.S.C. § 8477, against the TSP Executive Director, Ravindra Deo. Among other relief, Plaintiff asks the Court to "award Plaintiff a final divorce decree as a matter

of law," to vacate the parties' Memorandum of Understanding on which the state court based its Retirement Benefits Court Order, and to order the TSP funds returned to his account. Barbara McGary moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and the *Rooker-Feldman* doctrine, which limits federal courts from exercising appellate review over state court decisions. Deo moved to dismiss for failure to state a claim under Rule 12(b)(6). For the reasons explained below, the Court will grant both motions.

**I.     Background**

The Complaint gives a detailed picture of Plaintiff and Barbara McGary's messy divorce, ECF No. 1 ("Compl.") at 17–19, but what is relevant here is how it concluded—with Plaintiff contesting the results of their state-court litigation at every turn.

Following various disputes over attorneys' fees, discovery, sanctions, and pendente lite relief, the Virginia Circuit Court referred the matter to a settlement conference. Compl. at 8; ECF No. 1-1 at 12; *McGary v. McGary*, No. CL14000788-00 (Va. Cir. Ct. Oct. 27, 2015). The parties appear to have settled in March 2016 when they signed a Memorandum of Understanding ("MOU") regarding the division of marital property, including retirement benefits from Plaintiff's TSP account, that read in part: "Ms. McGary will receive $75,146.63 from Mr. McGary's TSP account via a Court Order Acceptable for Processing." Compl. at 8–10; ECF No. 7-2 at 2. A few months later, the court awarded Barbara McGary "a final decree of divorce a vinculo matrimonii," ECF No. 7-1 at 3,[1] and entered a Retirement Benefits Court Order (RBCO) "in accordance with the terms of the" parties' MOU, ECF No. 1-1 at 3. The RBCO provided that she would receive a lump-sum payment of $75,146.63 from Plaintiff's TSP account, which

---

[1] The Complaint attaches copies of the MOU, ECF No. 1-1 at 9–10, and final divorce decree, ECF No. 1-1 at 36, but the Court cites the more legible version of each attached to Barbara McGary's Motion to Dismiss, ECF No. 7-2 at 2–3; ECF No. 7-1 at 3.

would "be adjusted for any investment gains or losses thereon from December 6, 2011, to the date of distribution or rollover," with the precise calculation to be performed by the Federal Retirement Thrift Investment Board ("TSP Board") upon receipt of the RBCO. *Id.* at 5. Plaintiff "filed an appeal with the Virginia Court of Appeals in July 2016," Compl. at 12, that court affirmed, *McGary v. McGary*, CAV No. 1261-16-2 (Va. Ct. App. Mar. 28, 2017), and the Virginia Supreme Court declined to review the case, *McGary v. McGary*, SVC No. 170678 (Va. Aug. 24, 2017).

The TSP Board notified Plaintiff in January 2019 that it received the RBCO "awarding Defendant $75,146.63 from Plaintiff's TSP account . . . and that [Barbara McGary's] entitlement [would] be adjusted for earnings and losses based on the value of the share price two business days prior to payment." Compl. at 12. According to Plaintiff, he noticed that the parties had not included the RBCO's adjustment language in the MOU, so he searched the courthouse case file and purportedly "discovered documents not previously . . . available when he filed" his appeal. *Id.* In March 2019, he moved to vacate the RBCO in the Virginia Circuit Court, alleging that the MOU on which the RBCO was based resulted from fraudulent misrepresentations by his ex-wife and her counsel. *See id.* at 10–15, 20–22. In response, Barbara McGary filed a motion for a rule to show cause, arguing that Plaintiff's motion violated the MOU by interfering with her receipt of the TSP payment. ECF No. 11-1 at 22–23. Plaintiff "temporarily relocated" to do volunteer work in Colombia in May 2019 and missed the June hearing on those motions, when the court denied his motion to vacate as "without merit and entirely specious" and issued a rule to show cause. Compl. at 14–15; ECF No. 1-1 at 44–45.

In July 2019, the TSP Board notified Plaintiff that it had disbursed $180,959 from his TSP account to Barbara McGary in accordance with the RBCO. Compl. at 5, 14; ECF No. 1-1 at

3

2. Plaintiff responded that he believed the disbursement "had been taken in error." Compl. at 5. The TSP Board denied any error, citing the RBCO and providing the relevant statutory authority to show how it calculated the disbursement amount. ECF No. 1-1 at 14.

The Virginia Circuit Court held a show-cause hearing the next month. Compl. at 15. The court found Plaintiff in contempt and sentenced him to 30-days incarceration unless he met certain conditions, including refraining from interfering with disbursement of Barbara McGary's TSP payment. ECF No. 1-1 at 46–47; *see* Compl. at 15–16. Plaintiff appealed that contempt order, Compl. at 16–17, but the Court of Appeals of Virginia dismissed the appeal after he failed to prosecute it, ECF No. 25-1 at 2; *see also* ECF No. 23-2 at 7. Upon Barbara McGary's request, the Court granted another rule to show cause against Plaintiff in January 2020 for violating the MOU and for "his continued interference with the Defendant's receipt of her share of the Plaintiff's TSP account." ECF No. 23-2 at 2; *see* ECF No. 26 at 5–6. Plaintiff failed to attend the show-cause hearing, so the court issued a capias for his arrest. *See* ECF No. 26-1 at 10–13; *McGary v. McGary*, No. CL14000788-03 (Va. Cir. Ct. Mar. 27, 2020).

Meanwhile, Plaintiff, proceeding *pro se*, filed this suit in October 2019. As best the Court can tell, he asserts a claim against his ex-wife for fraud, *see* Compl. at 19–22, and against the Executive Director of the TSP Board, Ravindra Deo,[2] for breach of fiduciary duty under the Federal Employees' Retirement System Act of 1986 (FERSA), 5 U.S.C. § 8477, *see id.* at 6–7, 12. Barbara McGary moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), ECF No. 7; Deo moved to dismiss for failure to state a claim under Rule 12(b)(6), ECF No. 15; and Plaintiff filed a "Motion for Leave to File a Preliminary Injunction," ECF No. 23,

---

[2] The Complaint incorrectly identifies the Executive Director of the TSP Board as "Deo Ravindra" rather than "Ravindra Deo." ECF No. 15-1 at 2 n.1; *see* Compl. at 1.

4

seeking an order dismissing or holding in abeyance the state court's January 2020 rule to show cause, ECF No. 23-1 at 1, 5–6.

## II.     Legal Standard

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court must subject factual allegations to a higher level of scrutiny in resolving a Rule 12(b)(1) motion than in resolving one under Rule 12(b)(6) for failure to state a claim, because it has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003) (citation omitted). The Court need not limit itself to the complaint when assessing subject matter jurisdiction; it "may consider relevant materials outside the pleadings to determine whether it has jurisdiction." *Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 78 (D.D.C. 2012).

Under Rule 12(b)(6), the Court must dismiss a claim if a plaintiff fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept "well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Even so, "a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678)). When considering a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff but by the defendant in a motion to

5

dismiss." *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017), *aff'd*, 894 F.3d 298 (D.C. Cir. 2018) (citation omitted).

While a *pro se* complaint must be construed liberally, *pro se* plaintiffs must still show that the court has subject matter jurisdiction and state a claim for relief. *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014). The Court considers Plaintiff's *pro se* complaint in light of all filings in the record. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

### III. Analysis

#### A. Fraud Claim Against Barbara McGary

The Court lacks subject-matter jurisdiction over Plaintiff's fraud claim against his ex-wife under the *Rooker-Feldman* doctrine, which "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The doctrine applies to cases like Plaintiff's "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Three criteria govern a *Rooker-Feldman* analysis. "First, '[t]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment.'" *Bradley v. DeWine*, 55 F. Supp. 3d 31, 41 (D.D.C. 2014) (quoting *Lance v. Dennis*, 546 U.S. 459, 462 (2006)). Second, "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment." *Id.* (quoting *Lance*, 546 U.S. at 462). A claim is "inextricably intertwined" with a prior state-court judgment if "success on the federal

6

claim depends upon a determination that the state court wrongly decided the issues before it." *Araya v. Bayly*, 875 F. Supp. 2d 1, 3–4 (D.D.C. 2012) (citation omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013); *see also Jung v. Bank of Am., N.A.*, No. CV 18-962 (RC), 2018 WL 6680579, at *5 (D.D.C. Dec. 19, 2018). Third, "the federal claim must not be parallel to the state-court claim." *Bradley*, 55 F. Supp. 3d at 42 (quoting *Lance*, 546 U.S. at 462). A claim is parallel if the plaintiff brought the federal claim before a state court entered the relevant judgment. *Exxon*, 544 U.S. at 293.

Plaintiff's fraud claim—that the parties' MOU and related RBCO stemmed from various misrepresentations by Barbara McGary to Plaintiff and the Virginia Circuit Court, *see* Compl. at 17–22—easily satisfies the first and third *Rooker-Feldman* requirements. Plaintiff here was the plaintiff in "the prior state-court judgment," *Bradley*, 55 F. Supp. 3d at 41, *see* ECF No. 1-1 at 3 (RBCO in *McGary v. McGary*, No. CL14000788-00 (Va. Cir. Ct. June 27, 2016)), and he filed this suit in October 2019, after the state-court judgment was entered, *see generally* Compl. Indeed, Plaintiff filed this suit after (1) the Virginia Circuit Court entered its final divorce decree and RBCO, (2) Plaintiff lost his appeal, (3) the Virginia Supreme Court declined to review his case, (4) he filed an unsuccessful motion to vacate the RBCO, and (5) the Virginia Circuit Court held Plaintiff in contempt for his consistent "efforts to thwart the final order of the Court." ECF No. 1-1 at 46–47; *see* Compl. at 15–16; ECF No. 1-1 at 3, 44–45; ECF No. 7-1 at 3; *McGary v. McGary*, CAV No. 1261-16-2 (Va. Ct. App. Mar. 28, 2017); *McGary v. McGary*, SVC No. 170678 (Va. Aug. 24, 2017). *Rooker-Feldman* does not permit a second, let alone sixth, bite at the state-court apple in federal court.

The second *Rooker-Feldman* requirement is satisfied as well, because Plaintiff "actually raised" his fraud claim at various points before the Virginia Circuit Court, and any additional

allegations or relief requested in the Complaint are "inextricably intertwined with the state-court judgment." *Bradley*, 55 F. Supp. 3d at 41.  Plaintiff alleges that his ex-wife falsely reported that the parties had reached an agreement during their settlement conference and then misrepresented the terms discussed to the state court and TSP Board.  *See* Compl. at 19–22.  That is precisely what Plaintiff argued in his motion to vacate the RBCO, *id.* at 22, which the Virginia Circuit Court rejected as "without merit and entirely specious," ECF No. 1-1 at 44.  The Complaint makes clear that Plaintiff's attack on the Virginia Circuit Court's allegedly fraudulent and "bogus court order" (the RBCO), Compl. at 7, his request to vacate the MOU, *id.* at 23, and his request for "a Final Divorce Decree as a matter of law," *id.*, are all intended to remedy "injuries caused by state-court judgments." *Exxon*, 544 U.S. at 284; *see, e.g.*, Compl. at 11 ("The trial court[] failed to hold Defendant accountable . . . ."); *id.* ("The trial court failed to order Defendant to return the $5,000 Plaintiff was ordered to pay . . . ."); *id.* ("The trial court failed to order Defendant to pay all arrearages . . . ."). *Rooker-Feldman* bars Plaintiff from using this Court in this way as an "end-run" around the Virginia Circuit Court. *Williams v. Bank of New York Mellon*, 169 F. Supp. 3d 119, 125 (D.D.C. 2016); *see also Brown v. Koenick*, No. 96-5296, 1997 WL 150101, at *1 (D.C. Cir. Feb. 27, 1997) (per curiam) (affirming dismissal of complaint "seek[ing], in essence, review of a divorce judgment entered by a state court" and presenting other claims so "inextricably intertwined with [the] attack on the divorce proceedings" that they "impermissibly attacked" the state court judgment).

      To be sure, "extrinsic fraud" can create an exception to *Rooker-Feldman*, but only when that fraud prevents a plaintiff from bringing a claim in state court. *See Quick v. Educap, Inc.*, 318 F. Supp. 3d 121, 135 (D.D.C. 2018).  Plaintiff not only had the opportunity to raise his fraud claim before the state court, he did so, Compl. at 20–22, and the Virginia Circuit Court denied

his motion, ECF No. 1-1 at 44.  Similarly, Plaintiff could have raised his fraud allegations at any of the later show-cause hearings, including the hearing he failed to attend.  Compl. at 15; ECF No. 26-1 at 10–13; *McGary v. McGary*, No. CL14000788-03 (Va. Cir. Ct. Mar. 27, 2020).

Plaintiff also argues that the Court has jurisdiction to review his state-court judgment under Rule 60(b), which governs "grounds for relief from a final judgment."  Fed. R. Civ. P. 60(b); *see* ECF No. 11 at 9–10, 12.  But Rule 60(b) does not authorize this Court to vacate or otherwise reconsider a state court judgment.  *See, e.g.*, *Williams v. Apker*, 774 F. Supp. 2d 124, 128 (D.D.C. 2011) ("Rule 60(b) . . . only provides a federal district court with subject matter jurisdiction over requests for reconsideration of federal district court decisions; it does not give the court jurisdiction to relieve a party from state court judgments.").  For these reasons, the Court will dismiss Plaintiff's fraud claim against Barbara McGary for lack of subject-matter jurisdiction.

### B.  Breach of Fiduciary Duty Claim Against Deo

Although the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction over Plaintiff's remaining FERSA claim for breach of fiduciary duty against Deo, *see Gray*, 275 F.3d at 1119, the Court must dismiss that claim under Rule 12(b)(6).[3]  FERSA provides a private right of action in the federal district courts for TSP participants "against any fiduciary" that breaches its duties under FERSA.  5 U.S.C. § 8477(e)(3)(B)–(C); *see id.* § 8477(e)(7).  Among those responsibilities, a fiduciary must act "solely in the interest of the participants and beneficiaries and—(A) for the exclusive purpose of—(i) providing benefits to participants and their

---

[3] Plaintiff does not say whether he intended to sue Deo in his official or individual capacity (or both).  Because the Complaint does not mention Deo's conduct beyond his role as "trustee for all TSP accounts," Compl. at 7, the Court construes the fiduciary claim against Deo as one in his official capacity.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996); *Jackson v. Taylor*, 539 F. Supp. 593, 594 (D.D.C. 1982), *aff'd* 713 F.2d 865 (D.C. Cir. 1983).

9

beneficiaries; and (ii) defraying reasonable expenses," and "(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use." *Id.* § 8477(b)(1); *see* Compl. at 7 (citing 5 U.S.C. § 8477(b)(1)). FERSA recognizes Deo, "the Executive Director" of the TSP Board, as a "fiduciary," *id.* § 8477(a)(3), and Plaintiff alleges that he is a TSP "participant," *id.* § 8477(e)(3)(B); *see* Compl. at 5.

The only issue, then, is whether Plaintiff has plausibly alleged that Deo breached his fiduciary duty to him. Plaintiff alleges that when the TSP Board disbursed $180,959 from his TSP account to his ex-wife, Deo breached his fiduciary duty by (1) adhering to adjustment terms in the RBCO that did not appear in the MOU and (2) failing to investigate Plaintiff's allegations of fraud before disbursement. *See* Compl. at 5–7, 12. The Court finds that neither theory states a claim for breach of fiduciary duty.

### 1.     The RBCO's Added Terms

Plaintiff alleges that Deo and the TSP Board should not have followed the "bogus" RBCO because that order "added terms" that do not appear in the MOU agreed to by the parties. Compl. at 7. These allegations do not state a claim for breach of fiduciary duty against Deo.

First, Plaintiff argues that the Virginia Circuit Court improperly added the relevant FERSA statutory provisions and regulations, 5 U.S.C. §§ 8435(c), 8467, and 5 C.F.R. §§ 1653.1–1653.5, to the RBCO. *Id.* at 12; ECF No. 20 at 3. But Deo was not responsible for the RBCO's terms. And Plaintiff does not explain how allegations that Deo complied with the RBCO's "added terms" state a claim for breach of fiduciary duty. Indeed, as the Executive Director of the TSP, by statute Deo must disburse payments to a former spouse whenever "expressly provided for in the terms of any court decree of divorce" or "court order . . . incident

to any court decree of divorce" such as the RBCO.[4]  5 U.S.C. § 8467(a)(1).  Moreover, the added terms themselves contribute nothing to an allegation that Deo breached a fiduciary duty.  The RBCO states that it is a "qualifying Retirement Benefits Court Order" under "5 U.S.C. § 8435(c)," ECF No. 1-1 at 4, which "shall be administered and interpreted in conformity" with FERSA, *id.* at 7.[5]  Obviously, Deo would have had to follow FERSA and its regulations even if the court had not included them in the RBCO.  See 5 U.S.C. § 8477(b)(1) ("a fiduciary shall discharge his responsibilities with respect to the Thrift Savings Fund" "[t]o the extent not inconsistent with the provisions of this chapter and the policies prescribed by the Board"); *Firestone v. Fed. Ret. Thrift Inv. Bd.*, 375 F. Supp. 3d 102, 114 (D.D.C. 2019) (finding that Congress did not give the TSP Board "discretion to deviate from its statutory and regulatory obligations"); *Rasooly v. Peine*, No. 15-cv-4540-JD, 2016 WL 3443382, at *1 (N.D. Cal. June 23, 2016).

---

[4] Once the TSP Board receives a copy of a divorce decree or court order incident to a divorce decree, 5 U.S.C. § 8467(a)(1), it cannot proceed unless it has a complete copy of the order that contains (1) a participant account or social security number, (2) the name and mailing address of the payee, and (3) the payee's social security number and state of legal residence.  5 C.F.R. § 1653.3(b).  The RBCO included some of the information in the order itself and the rest in an attached private addendum, so the TSP Board determined that it was a complete copy.  See ECF No. 1-1 at 5.  After confirming that it received a complete copy of the RBCO, the TSP Board then must determine whether the order is a Qualifying Retirement Benefits Court Order ("QRBCO").  5 C.F.R. § 1653.3(f).  The TSP Board found that the RBCO was a QRBCO because it (1) refers to the "Thrift Savings Plan," *id.* § 1653.2(a)(1)(i); (2) requires TSP to make a payment to a permissible payee, *id.* § 1653.2(a)(2); and (3) includes a specified lump-sum payment, *id.* § 1653.2(3).  ECF No. 1-1 at 3–8.  Plaintiff does not contest that the RBCO met such requirements, and he even concedes that TSP acted "in accordance with TSP regulations."  Compl. at 7; *see* ECF No. 20 at 15.

[5] The remaining provisions that Plaintiff cites as supposed "added terms" to the RBCO, 5 U.S.C. § 8467 and 5 C.F.R. §§ 1653.1–1653.5, do not appear in the RBCO and were only referenced in a letter from the TSP Board responding to Plaintiff's notice that the disbursement "from his account ha[d] been taken in error."  Compl. at 5; *see* ECF No. 1-1 at 14.

Second, Plaintiff alleges that the TSP Board should not have adjusted the agreed-to disbursement amount for gains and losses because the MOU did not include any adjustment terms. Compl. at 5, 11–12; *compare* ECF No. 7-2 at 2 (MOU stating that "Ms. McGary will receive $75,146.63 from Mr. McGary's TSP account via a Court Order Acceptable for Processing"), *with* ECF No. 1-1 at 5 (RBCO stating that the sum "shall be adjusted for any investment gains or losses thereon from December 6, 2011, to the date of distribution or rollover."). But again, Deo was not responsible for the inclusion of these adjustment terms in the RBCO,[6] he had no discretion under FERSA to defy the RBCO, and Plaintiff does not explain how Deo complying with it breached his fiduciary duty to him.[7] At bottom, Plaintiff has not pleaded facts that allow the Court to draw the reasonable inference that Deo acted inconsistent with "the interest of [TSP] participants and beneficiaries," 5 U.S.C. § 8477(b)(1), "imprudently,"

---

[6] The Court notes that Virginia law "does not prohibit a trial court from ordering a course of action upon a matter that the parties do not address in their property settlement agreement, provided the court is not otherwise precluded from doing so and the course of action is appropriate." *Sanford v. Sanford*, 450 S.E.2d 185, 191 (Va. Ct. App. 1994). The parties did not address adjustment of the TSP amount in their MOU, *see* ECF No. 7-2, and Plaintiff points to nothing that precluded the state court from ordering an adjustment for gains and losses.

[7] If a QRBCO contains adjustment terms without a specified rate, the TSP Board calculates the disbursement amount by "[d]etermining, based on the participant's investment allocation as of the date used to calculate the entitlement, the number and composition of shares that the payee's award amount would have purchased as of the date used to calculate the entitlement" and then multiplying that number and composition of shares by the "price per share as of the payment date." 5 C.F.R. § 1653.4(f)(3). In other words, the TSP Board adjusts for gains and losses by calculating the number of shares a payee was entitled to in each type of investment fund when the order issued and multiplying that number by the new share price on the disbursement date. In this case, the TSP Board received a QRBCO with adjustment terms, calculated the disbursement from Plaintiff's account through the process described above, and then confirmed that the calculation was correct after Plaintiff wrote to the TSP Board contesting the disbursement. *See* ECF No. 1-1 at 14.

*id.* § 8477(b)(1)(B) (cleaned up), or otherwise in breach of his fiduciary duty by complying with FERSA and the RBCO.

### 2. Deo's Purported Duty to Investigate Fraud

Plaintiff also argues that he properly pleaded that Deo breached his fiduciary duty by alleging that Deo violated a FERSA regulation that—in Plaintiff's view—required the TSP Board to investigate Plaintiff's fraud allegations before disbursing funds from his account. ECF No. 20 at 3–4. Not so. Plaintiff misreads a regulation that requires the TSP Board to "review a retirement benefits court order to determine whether it is enforceable against the TSP." 5 C.F.R. § 1653.3(b). The regulation says nothing about a "preliminary investigation of . . . allegations of fraud," ECF No. 20 at 4, as Plaintiff would like. Rather, the TSP Board must "review" an RBCO to determine whether it is "a qualifying retirement benefits court order as described in § 1653.2." 5 C.F.R. § 1653.3(f). The TSP Board undertook that review here.[8] *See supra* n.4. Thus, Plaintiff cannot point to any authority that requires the TSP Board to look beyond a valid state court order to scrutinize the proceedings that led to the order.[9]

---

[8] In addition, while the TSP Board is prohibited from carrying out a court-ordered disbursement if it "is notified in writing that the underlying court order has been appealed," 5 C.F.R. § 1653.3(i), it also complied with that regulation. By the time the TSP Board disbursed funds from Plaintiff's account under the RBCO, *see* Compl. at 5, Plaintiff had lost his appeal and subsequent motion to vacate the RBCO, *see McGary v. McGary*, CAV No. 1261-16-2 (Va. Ct. App. Mar. 28, 2017), ECF No. 1-1 at 44–45.

[9] Agency guidance relating to the Employee Retirement Income Security Act of 1974—a law that mirrors FERSA's fiduciary duties, *compare* 5 U.S.C. § 8477(b)(1), *with* 29 U.S.C. § 1104(a)(1)—suggests that at most, when faced with Plaintiff's allegations of fraud in the state court proceedings, the TSP Board could have "relay[ed] evidence of invalidity to the State court or agency," but it "may *not* independently determine the order is not valid under State law." Department of Labor, Employee Benefits Security Administration, Advisory Opinion 1999-13A (Sept. 29, 1999) *available at* https://www.dol.gov/agencies/ebsa/about-ebsa/our-activities/resource-center/advisory-opinions/1999-13a (emphasis added).

13

For these reasons, the Court will dismiss Plaintiff's breach of fiduciary duty claim against Ravindra Deo for failure to state a claim.

## IV. Conclusion

For all these reasons, the Court will grant Barbara McGary's Motion to Dismiss, ECF No. 7; grant Ravindra Deo's Motion to Dismiss, ECF No. 15; and deny as moot Plaintiff's Motion for Leave to File a Preliminary Injunction, ECF No. 23.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 28, 2020